[Civ. No. 1238.  First Appellate ·District.—June 14, 1913.]

EMMA A. LARSON, Appellant, v. ALEXANDER LARSON, as Administrator of the Estate of Alfred Larson, Deceased, Respondent.

CLAIM AND DELIVERY—LACK OF CONFORMITY OF JUDGMENT TO EVIDENCE—MODIFICATION ON APPEAL.—Where judgment for the defendant is rendered in replevin for the return of the property, or its value, and for damages for the retaking and withholding of the property, but there is no evidence in the record showing any damage, the judgment will be modified on appeal insofar as it awards damages.

ID.—CHARACTER OF PROPERTY AS COMMUNITY—CONFLICT IN EVIDENCE.—Where the evidence in a replevin suit is conflicting as to whether the property is separate or community, the finding of the trial court that it is community property will not be disturbed on appeal.

ID.—CREDIBILITY OF WITNESSES—DETERMINATION OF TRIAL COURT CONCLUSIVE.—The trial court has the right to give full credit to the evi-

dence adduced upon behalf of the defendant, and but little, if any, credence to the evidence produced upon behalf of the plaintiff; and its decision thus arrived at will not be reviewed on appeal.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

John C. Scott, for Appellant.

Reed, Black & Reed, and Bingaman, Walker & Moreland, for Respondent.

LENNON, P. J.—The plaintiff in this action is the widow of Alfred Larson, deceased. The defendant is the administrator of the estate of plaintiff's husband, and this action is one in claim and delivery. The plaintiff alleged in her complaint that one thousand five hundred dollars was the value of the property sued for. This allegation was not denied by the defendant. His answer admitted taking the property from the possession of the plaintiff without her consent. He denied, however, that such taking was wrongful; and in that behalf alleged that the property in suit was the community property of plaintiff and her husband, Alfred Larson deceased, and that the defendant as the administrator of the estate of the latter, was lawfully entitled to the possession of such property for the purpose of administration.

The trial court found against the plaintiff upon the issue of ownership and the right to possession. Judgment was rendered and entered for the defendant in substance for the return of the property or its value in the sum of one thousand five hundred dollars, and for damages for the retaking and withholding of the property in the sum of $360.20.

The plaintiff has appealed from the judgment and from the order denying a new trial. In support of the appeal the point is made that the defendant was not entitled to a judgment for damages for retaking and detaining the property, because no such damages were proven by the defendant.

This contention must be sustained. The record before us is absolutely barren of any evidence showing or tending to

show that the defendant was damaged in the sum of $360.20, or any other sum, because of the retaking and detention by the plaintiff of the property in suit. Obviously, therefore, the judgment must be modified insofar as it awards such damages to the defendant.

The only remaining point made in support of the appeal is that the findings and judgment upon the general issue are not supported by the evidence.

This contention, in the presence of a substantial conflict in the evidence, cannot be maintained, and is deserving of but slight consideration. Much if not all of the argument of counsel on both sides is devoted to a discussion of the weight of the evidence. Such argument before an appellate tribunal in civil cases is a waste of time and words. It would serve no useful purpose for us to narrate in detail the evidence adduced upon the trial, and then with the same detail point out the conflict existing therein. It will suffice to say generally that the plaintiff testified upon the trial to the effect that the property sued for was her separate property, and was purchased for her by her husband out of her separate funds. Some of plaintiff's testimony in this behalf was corroborated by other witnesses, and some of it stands uncontradicted save by circumstantial evidence and evidence of contradictory statements made by the plaintiff.

As opposed to the evidence offered in support of the plaintiff's case the defendant relied upon evidence of the circumstances surrounding the purchase and sale of the property in suit which, when linked with the evidence which the defendant also produced concerning the previous business and domestic relations of the plaintiff and her husband, was sufficient, we think, to support the findings of the trial court.

In brief, it is apparent to us, upon a careful and detailed review of the record before us, that the trial court gave full credit to the evidence adduced upon behalf of the defendant, and gave but little, if any, credence to the evidence produced upon behalf of the plaintiff. This the trial court had the right to do; and having rested its decision of a question of fact upon evidence which is in substantial conflict, the weight of such evidence may not be reviewed upon this appeal.

For the reasons stated it is ordered that the order denying a new trial be affirmed, and that the judgment be modified by

striking therefrom the damages awarded to defendant "for the taking and withholding of the same in the sum of $360.20.'' As modified the judgment appealed from is affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1913.